No. 24-60013

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

―――――――――――――――――――――――――

NATIONAL AUTOMOBILE DEALERS ASSOCIATION
and TEXAS AUTOMOBILE DEALERS ASSOCIATION,
*Petitioners*,

v.

FEDERAL TRADE COMMISSION,
*Respondent*.

―――――――――――――――――――――――――

On Petition for Review of a Final Trade Regulation Rule
of the Federal Trade Commission

―――――――――――――――――――――――――

# FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION TO EXPEDITE AND ESTABLISH BRIEFING SCHEDULE

―――――――――――――――――――――――――

ANISHA S. DASGUPTA
*General Counsel*

MATTHEW M. HOFFMAN
BENJAMIN F. AIKEN
  *Attorneys*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
mhoffman@ftc.gov
(202) 326-3097

The Federal Trade Commission respectfully moves under Circuit Rule 27.5 to expedite this case and to establish the following briefing schedule: (1) index to administrative record due February 14, 2024; (2) Petitioners' opening brief due March 15, 2024; (3) Commission opposition brief due May 14, 2024; (4) Petitioners' reply brief, if any, due June 13, 2024; and (5) oral argument to be scheduled at the Court's convenience as soon as possible thereafter. Petitioners, the National Automobile Dealers Association and the Texas Automobile Dealers Association (collectively, "NADA"), do not oppose this request. The motion should be granted for the following reasons.

1. In this proceeding, NADA seeks review of a new rule issued by the Federal Trade Commission to protect American consumers from unfair or deceptive practices by unscrupulous automobile dealers. The Combating Auto Retail Scams Trade Regulation Rule ("CARS Rule") was published in the Federal Register on January 4, 89 Fed. Reg. 590, and was originally set to take effect on July 30, 2024. But on January

18, 2024, the Commission issued an order staying the effective date of the Rule pending judicial review.[1] See Ex. A.

2. In light of the Commission's stay, the parties agree that there is good cause to expedite this proceeding under Circuit Rule 27.5. The Commission believes the CARS Rule is needed to combat unlawful bait-and-switch tactics and illegal charges that unscrupulous automobile dealers have continued to engage in despite more than a decade of FTC law enforcement, education, and engagement with industry and other stakeholders. *See* 89 Fed. Reg. at 591, 594-98. The Rule will save consumers time and money, and is particularly important to those serving in America's military, who are frequently victimized by unfair or deceptive sales practices. Curbing these practices will also benefit law-abiding dealers by leveling the playing field. Although the Commission has temporarily stayed the Rule pending judicial review, the implementation of the rule should not be delayed any longer than is absolutely necessary for that purpose.

---

[1] In light of this action, NADA has agreed to withdraw its Motion for Stay of Final Rule and For Expedited Consideration, filed on January 8, 2024.

3. Although it is important that this case move quickly, the parties must be afforded adequate time to fully brief the issues. The record in this case is complex, with over 27,000 comments received, and the Commission's statement of basis and purpose and final regulatory analysis spans more than 100 pages of the Federal Register. The proposed briefing schedule, upon which the parties have agreed, will give the parties sufficient time to prepare their briefs and still ensure that briefing is completed by June 13, nearly seven weeks before the original effective date of July 30. Thus the Commission expects that if the case is expedited and the proposed schedule is adopted, any delay in the Rule's implementation should be minimal if the petition for review is denied.

## CONCLUSION

Because there is good cause for expedition, the Court should expedite this case and adopt the parties' agreed-upon schedule.

Respectfully submitted,

ANISHA S. DASGUPTA
  *General Counsel*

January 18, 2024        /s/ Matthew M. Hoffman

MATTHEW HOFFMAN
BENJAMIN F. AIKEN
  *Attorneys*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) it contains 503 words. It complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) and 5th Cir. R. 32.1 because the text is in 14-point Century Schoolbook type and the footnotes are in 12-point Century Schoolbook type.

January 18, 2024　　　　　　　　　　/s/ Matthew M. Hoffman
　　　　　　　　　　　　　　　　　　Matthew M. Hoffman

# EXHIBIT A

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION

**Commissioners:**   Lina M. Khan, Chair
Rebecca Kelly Slaughter
Alvaro M. Bedoya

| | |
|---|---|
| **In the Matter of:**<br><br>**Combating Auto Retail Scams**<br>**Trade Regulation Rule** | Matter No. P204800 |

## ORDER POSTPONING EFFECTIVE DATE OF
## FINAL RULE PENDING JUDICIAL REVIEW

On January 4, 2024, the Commission published in the Federal Register a Final Rule to curtail certain unfair or deceptive acts or practices by covered motor vehicle dealers.[1] Final Rule, Combating Auto Retail Scams Trade Regulation Rule ("Rule"), 89 Fed. Reg. 590-91 (Jan. 4, 2024) (to be codified at 16 C.F.R. pt. 463). The Commission designated the Final Rule to become effective on July 30, 2024. *Id.* at 590.

On or about January 5, 2024, the National Automobile Dealers Association and the Texas Automobile Dealers Association ("Petitioners") filed a Petition for Review ("PFR") in the United States Court of Appeals for the Fifth Circuit. *Nat'l Auto. Dealers Ass'n v. FTC*, No. 24-60013. The PFR challenged the Rule on the asserted grounds that it is "arbitrary, capricious, an abuse of discretion, without observance of procedure required by law, or otherwise not in accordance with law[.]" PFR 1-2. The Court has ordered that the administrative record be filed by February 14, 2024.

On January 8, 2024, Petitioners filed a motion with the Fifth Circuit seeking a stay of the Rule and expedited consideration of their PFR. Mot. for Stay of Final Rule and for Expedited Consideration. Although Petitioners did not seek a stay from the Commission in the first instance as required by Rule 18(a)(1) of the Federal Rules of Appellate Procedure, the Commission has nonetheless reviewed Petitioners' motion, construing it as though it were a stay request submitted under Commission Rule 4.2(d), 16 C.F.R. § 4.2(d).

---

[1] 12 U.S.C. § 5519(f)(1) and (f)(2) contain the pertinent definitions of "motor vehicle" and "motor vehicle dealer," and the rule applies only to a "covered" subset. *See* 89 Fed. Reg. at 693-94 (to be codified at 16 C.F.R. § 462.3(e)-(f)).

1

The Administrative Procedure Act provides, in relevant part, that "[w]hen an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review." 5 U.S.C. § 705. The Commission believes that the Rule will provide consumers with critical protections from auto retail scams, that Petitioners' challenges to the Rule lack merit, and that undue delay in the Rule's effective date will harm consumers and honest businesses. Petitioners' arguments for a stay rest on mischaracterizations of what the Rule requires of covered motor vehicle dealers, including inaccurate claims that it will require dealers to overhaul their practices and substantially increase compliance costs. In fact, the Rule does not impose substantial costs, if any, on dealers that presently comply with the law, and to the extent there are costs, those are outweighed by the benefits to consumers, to law-abiding dealers, and to fair competition—as honest dealers will not be at a competitive disadvantage relative to dishonest dealers. Nonetheless, Petitioners' assertions and suggestions that legally compliant dealers have to make unnecessary changes to satisfy Petitioners' misunderstandings of the Rule have created uncertainty. Additionally, Petitioners are seeking expedited consideration of the PFR, and if that request is granted, a stay of the effective date pending expedited review should not postpone implementation of the Rule by more than a few months, if at all. Balancing the equities here, the Commission has determined that it is in the interests of justice to stay the effective date of the Rule to allow for judicial review. A Federal Register notice to reflect this action is forthcoming. Once the PFR's merits are resolved, the Commission will publish a new document in the Federal Register establishing a new effective date.

Accordingly,

**IT IS ORDERED THAT** the effective date of the Final Rule, Combating Auto Retail Scams Trade Regulation Rule, 89 Fed. Reg. 590 (Jan. 4, 2024), be, and hereby is stayed.

By the Commission.

April Tabor
Secretary

SEAL:
ISSUED: