# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| NATIONAL AUTOMOBILE DEALERS ASSOCIATION and TEXAS AUTOMOBILE DEALERS ASSOCIATION, <br><br> *Petitioners*, <br><br> v. <br><br> FEDERAL TRADE COMMISSION, <br><br> *Respondent*. | No. 24-60013 |

## PETITIONERS' UNOPPOSED MOTION TO WITHDRAW MOTION FOR STAY

On January 4, 2024, the National Automobile Dealers Association and Texas Automobile Dealers Association petitioned for review of a final rule of the Federal Trade Commission (the "Combating Auto Retail Scams Trade Regulation Rule") in Matter Number P204800, RIN 3084-AB72. *See Combating Auto Retail Scams Trade Regulation Rule,* 89 Fed. Reg. 590 (Jan. 4, 2024). On January 8, Petitioners moved for a stay of the Rule's effective date pending judicial review in light of the significant legal defects of the final rule and the significant costs dealers would incur to come into full compliance while this petition was pending.

Yesterday, January 18, the FTC issued an order construing Petitioners' motion as a request for stay from the Commission and staying the effective date of the Rule "to allow for judicial review." A copy of that order is attached as Exhibit A. The order cites this petition for review and provides that the FTC is staying the rule's effective date until "the PFR's merits are resolved." Ex. A at 2.

In light of the FTC's self-stay of the final rule to allow for judicial review, Petitioners no longer require a stay from this Court at this time. Petitioners therefore move to withdraw their stay motion. Petitioners' withdrawal of this motion is premised on the understanding that, in the event the petition for review is ultimately denied, the FTC would establish a new effective date that ensures a reasonable amount of time for regulated entities to come into compliance with the final rule. *See* Ex. A at 2 (noting Commission would "establish a new effective date" if needed "[o]nce the PFR's merits are resolved").

## CONCLUSION

The Court should grant this unopposed motion to withdraw Petitioners' motion for stay.

Dated: January 19, 2024

Andrew D. Koblenz
General Counsel
NATIONAL AUTOMOBILE DEALERS ASSOCIATION
8484 Westpark Drive, Suite 500
Tysons, VA 22102

Karen Phillips
General Counsel
TEXAS AUTOMOBILE DEALERS ASSOCIATION
1108 Lavaca Street, Suite 800
Austin, TX 78701

Respectfully submitted,

 /s/ *Jeffrey M. Harris* 
Jeffrey M. Harris
Seanhenry VanDyke*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com

*Supervised by principals of the firm who are members of the Virginia bar.

*Counsel for Petitioners*

# CERTIFICATE OF INTERESTED PERSONS

1. No. 24-60013, *Nat'l Automobile Dealers Ass'n v. FTC*

2. The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this court can evaluate possible disqualification or recusal:

> Benjamin Aiken
>
> Consovoy McCarthy PLLC
>
> Federal Trade Commission
>
> Jeffrey M. Harris
>
> Matthew Hoffman
>
> National Automobile Dealers Association[1]
>
> Texas Automobile Dealers Association[2]
>
> Seanhenry VanDyke

/s/ Jeffrey M. Harris
Jeffrey M. Harris

*Counsel for Petitioners*

---

[1] NADA has no parent corporation, and no corporation owns 10% or more of its stock.

[2] TADA has no parent corporation, and no corporation owns 10% or more of its stock.

## CERTIFICATE OF SERVICE

I filed a true and correct copy of this motion with the Clerk of this Court via the CM/ECF system, which will notify all counsel.

Dated: January 19, 2024

                                                 */s/ Jeffrey M. Harris*
                                                 Jeffrey M. Harris

                                                 *Counsel for Petitioners*

# CERTIFICATE OF COMPLIANCE

This motion complies with Rule 27(d)(2)(A) because it contains 294 words, excluding the parts that can be excluded under Rule 32(f). This motion also complies with Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word in 14-point Garamond font.

*/s/ Jeffrey M. Harris*
Jeffrey M. Harris

*Counsel for Petitioners*

# CERTIFICATE OF CONFERENCE

Pursuant to Circuit Rule 27.4, I have notified counsel for Respondent of Petitioners' intent to file this motion. Respondent does not oppose this motion.

*/s/ Jeffrey M. Harris*
Jeffrey M. Harris

*Counsel for Petitioners*

# EXHIBIT A

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION

Commissioners:   Lina M. Khan, Chair
                 Rebecca Kelly Slaughter
                 Alvaro M. Bedoya

In the Matter of:

Combating Auto Retail Scams
Trade Regulation Rule

Matter No. P204800

**ORDER POSTPONING EFFECTIVE DATE OF
FINAL RULE PENDING JUDICIAL REVIEW**

On January 4, 2024, the Commission published in the Federal Register a Final Rule to curtail certain unfair or deceptive acts or practices by covered motor vehicle dealers.[1] Final Rule, Combating Auto Retail Scams Trade Regulation Rule ("Rule"), 89 Fed. Reg. 590-91 (Jan. 4, 2024) (to be codified at 16 C.F.R. pt. 463). The Commission designated the Final Rule to become effective on July 30, 2024. *Id.* at 590.

On or about January 5, 2024, the National Automobile Dealers Association and the Texas Automobile Dealers Association ("Petitioners") filed a Petition for Review ("PFR") in the United States Court of Appeals for the Fifth Circuit. *Nat'l Auto. Dealers Ass'n v. FTC*, No. 24-60013. The PFR challenged the Rule on the asserted grounds that it is "arbitrary, capricious, an abuse of discretion, without observance of procedure required by law, or otherwise not in accordance with law[.]" PFR 1-2. The Court has ordered that the administrative record be filed by February 14, 2024.

On January 8, 2024, Petitioners filed a motion with the Fifth Circuit seeking a stay of the Rule and expedited consideration of their PFR. Mot. for Stay of Final Rule and for Expedited Consideration. Although Petitioners did not seek a stay from the Commission in the first instance as required by Rule 18(a)(1) of the Federal Rules of Appellate Procedure, the Commission has nonetheless reviewed Petitioners' motion, construing it as though it were a stay request submitted under Commission Rule 4.2(d), 16 C.F.R. § 4.2(d).

---

[1] 12 U.S.C. § 5519(f)(1) and (f)(2) contain the pertinent definitions of "motor vehicle" and "motor vehicle dealer," and the rule applies only to a "covered" subset. *See* 89 Fed. Reg. at 693-94 (to be codified at 16 C.F.R. § 462.3(e)-(f)).

1

The Administrative Procedure Act provides, in relevant part, that "[w]hen an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review." 5 U.S.C. § 705. The Commission believes that the Rule will provide consumers with critical protections from auto retail scams, that Petitioners' challenges to the Rule lack merit, and that undue delay in the Rule's effective date will harm consumers and honest businesses. Petitioners' arguments for a stay rest on mischaracterizations of what the Rule requires of covered motor vehicle dealers, including inaccurate claims that it will require dealers to overhaul their practices and substantially increase compliance costs. In fact, the Rule does not impose substantial costs, if any, on dealers that presently comply with the law, and to the extent there are costs, those are outweighed by the benefits to consumers, to law-abiding dealers, and to fair competition—as honest dealers will not be at a competitive disadvantage relative to dishonest dealers. Nonetheless, Petitioners' assertions and suggestions that legally compliant dealers have to make unnecessary changes to satisfy Petitioners' misunderstandings of the Rule have created uncertainty. Additionally, Petitioners are seeking expedited consideration of the PFR, and if that request is granted, a stay of the effective date pending expedited review should not postpone implementation of the Rule by more than a few months, if at all. Balancing the equities here, the Commission has determined that it is in the interests of justice to stay the effective date of the Rule to allow for judicial review. A Federal Register notice to reflect this action is forthcoming. Once the PFR's merits are resolved, the Commission will publish a new document in the Federal Register establishing a new effective date.

Accordingly,

**IT IS ORDERED THAT** the effective date of the Final Rule, Combating Auto Retail Scams Trade Regulation Rule, 89 Fed. Reg. 590 (Jan. 4, 2024), be, and hereby is stayed.

By the Commission.

April Tabor
Secretary

SEAL:
ISSUED: