# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 25, 2024

Mr. Jeffrey Matthew Harris
Mr. Seanhenry Nathaniel VanDyke
Consovoy McCarthy, P.L.L.C.
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209

    No. 24-60013   National Automobile Assoc v. FTC
                   Agency No. P204800, RIN 3084-AB72

Dear Mr. Harris, Mr. VanDyke,

In light of the court order of January 22, 2024 granting the motion to expedite the above captioned appeal, please adhere to the following expedited briefing schedule.

- Petitioners' brief is due on March 15, 2024
- Respondent's brief is due on May 14, 2024
- Petitioners' reply brief (and appendix if required) is due on June 13, 2024

Record Excerpts: 5th Cir. R. 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record excerpts filed with the court must contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

Brief Covers: THE CASE CAPTION(S) ON BRIEF COVERS MUST BE EXACTLY THE SAME AS THE CASE CAPTION(S) ON THE ENCLOSED TITLE CAPTION SHEET(S). YOU WILL HAVE TO CORRECT ANY MODIFICATIONS YOU MAKE TO THE CAPTION(S) BEFORE WE SUBMIT YOUR BRIEF TO THE COURT.

Dismissal of Appeals: The clerk may dismiss appeals without notice if you do not file a brief on time, or otherwise fail to comply with the rules.

Appearance Form: If you have not electronically filed a "Form for Appearance of Counsel," you must do so within 14 days of this date. You must name each party you represent, See Fed. R. App. P. and

5th Cir. R. 12.  The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov.

ATTENTION ATTORNEYS:  Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis.  Counsel can expect to receive notice once access to the EROA is available.  Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized.  Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.  Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA.  Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

**Guidance Regarding Citations in Pleadings.**

5th Cir. R. 28.2.2 grants the Clerk the authority to create a standard format for citation to the electronic record on appeal.  You must use the proper citation format when citing to the electronic record on appeal.

- A. In single record cases, use the short citation form, "ROA" followed by a period, followed by the page number.  For example, "ROA.123."

- B. For multiple record cases, cite "ROA" followed by a period, followed by the Fifth Circuit appellate case number of the record referenced, followed by a period, followed by the page of the record.  For example, "ROA.13-12345.123.".

- C. Please note each individual citation must end using a termination of a period (.) or semicolon (;).

Brief Template:  The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief.  To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

**Reminder as to Sealing Documents on Appeal:**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

```
                    Sincerely,
                    LYLE W. CAYCE, Clerk

                    By: _____
                    Allison G. Lopez, Deputy Clerk
                    504-310-7702
```

Enclosure(s)

cc w/encl:
    Mr. Benjamin Aiken
    Mr. Matthew Michael Hoffman

Case No. 24-60013

National Automobile Dealers Association; Texas Automobile Dealers Association,

        Petitioners

v.

Federal Trade Commission,

        Respondent